UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENISE BENZ,

    Plaintiff,

v.                                        Case No.: **3:15-cv-728-J-25 MCR**

**CROWLEY LOGISTICS, INC.**, etc., *et al*,

    Defendants.
_____/

## ORDER

This Cause is before the Court on Defendants' Motion for Summary Judgment (Dkt. 25), Defendant's Motion to Strike (Dkt. 33) and Plaintiff's Motion for Partial Summary Judgment (Dkt. 24).

Regarding the Motion to Strike, Defendant[1] complains that Plaintiff refused to provide any facts that support her age discrimination and FMLA claims during her deposition. For example, when Plaintiff was questioned as to why she felt discriminated against because of her use of FMLA time, she responded only by stating "Per my attorney's advise [sic], correct." (Benz depo., Dkt. 25-3, p. 79).

Months later when responding to summary judgment, Plaintiff filed a detailed declaration that supported her FMLA claims. Defendant argues that these portions of the declaration should be stricken under the sham affidavit rule. *Van T. Junkins and Associates v. U.S. Industries*, 736 F.2d 656, 657 (11th Cir.

---

[1] In this Order, the Court will refer to the Crowley entities as if they are a single defendant.

1984).

Plaintiff counters that Defendant failed to file a motion to compel more complete responses, she didn't actually refuse to answer Defendant's questions during the deposition and her declaration does not actually contradict her deposition testimony. Therefore, the sham affidavit rule does not apply.

Defendant provides no on point case law to support its assertion that the Court should strike the statements at issue and therefore its motion is denied. However, because the motion is not frivolous, the Court also denies Plaintiff's sanction request which is contained in her Motion to Strike opposition.

**Background**

From June 2, 2003 through her termination on February 6, 2015, Ms. Benz worked in Defendant Crowley's Jacksonville, Florida facility. When terminated, she held the title of Warehouse Manager.

In early 2014, Ms. Benz's daughter was diagnosed with uterine sarcoma, a type of cancer which constitutes a "serious health condition" under the Family and Medical Leave Act (FMLA). In July of 2014, Ms. Benz requested and was granted one month of leave under FMLA to care for her daughter. In January of 2015, Ms. Benz requested FMLA leave for the month of February 2015 for the same reason. Defendant approved her leave request. On February 6, 2015, the last day that Ms. Benz was scheduled to work before taking her leave, she was terminated.

During the February 6, 2015 termination meeting, Defendant informed Ms. Benz that her position was being eliminated due to "budget cuts." (Benz Declaration, Dkt. 29-1, p. 6). Defendant asserts that Ms. Benz was selected for layoff due to her ongoing performance problems.

The Complaint alleges that Defendant Crowley unlawfully terminated Ms. Benz's employment on account of her gender, age, protected activity under the Family and Medical Leave Act, and her association with a disabled person, her daughter.

As a threshold issue, the Court agrees with Defendant that Plaintiff has filed a "shotgun complaint." Indeed, the Complaint alleges seven counts in a mere two pages by stating Plaintiff is re-alleging her articulated facts; when alleging the counts, Plaintiff often simply states that Defendant violated each relevant statute based on her gender, age or her association with a person who was disabled under the ADA.

Regardless, Defendant failed to timely object to the Complaint's deficiencies and therefore the Court accepts the Complaint as written.

**Standard[2]**

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[2] Internal citations and quotations will be omitted in this Order.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."

All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

Plaintiff has not submitted any direct evidence of discrimination. *Rojas v. Florida*, 285 F.3d 1339, 1342 n. 2 (11th Cir. 2002). Accordingly, the Court will use the now familiar framework established by the United States Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

Under the *McDonnell Douglas/Burdine* analysis, a plaintiff first has the burden of proving by a preponderance of evidence a prima facie case of discrimination. To establish a prima facie case, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).

Once the plaintiff proves a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision. Finally, if the defendant carries its burden of production, the plaintiff must present substantial evidence which shows either (1) that the legitimate reasons offered by the defendant are merely a pretext for discrimination or (2) a reasonable jury could conclude that discrimination was a "motivating factor" for the employment action, even though defendant's legitimate reason may also be true or have played some role in the decision. *McDonnell*, 411 U.S. at 802; *Burdine*, 450 U.S. at 253–54.

A plaintiff in an employment discrimination case maintains the ultimate burden of proving that an adverse employment action occurred because of intentional discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000).

In order to establish a *prima facie* retaliation case under the FMLA, a Plaintiff must show that (1) she availed himself of a protected right; (2) she suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision. *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000).

To establish a prima facie case of associational disability discrimination, the plaintiff must demonstrate (1) she was subjected to an adverse employment action; (2) she was qualified for the job at the time of the adverse employment

5

action; (3) her employer knew that a family member was disabled; and (4) the adverse employment action occurred under circumstances which raise a reasonable inference that the disability of the relative was a determining factor in the employment decision. *Wascura v. City of South Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001).

**Analysis**
**Title VII and FCRA discrimination (Gender and Age)**

First, as to direct evidence, Plaintiff asserts that when Ms. Diaz took over as her supervisor in December of 2013 or January of 2014 she "immediately began making ageist assumptions" about her. However, Plaintiff fails to cite any specific "ageist" language or assumptions. Thus, the Court will analyze the age and gender discrimination claims using the *McDonnell Douglas/Burdine* framework.

To streamline this analysis,[3] instead of analyzing each discrimination count separately, the Court notes that there appears to be no dispute whether Plaintiff was qualified for her position or suffered an adverse action when she was terminated. Thus, the Court first addresses whether Plaintiff has met her Civil

---

[3]

Plaintiff's summary judgment response fails to cite the specific facts that support each of her claims, making the Court's summary judgment analysis difficult.

Plaintiff filed a twenty-one page pleading that includes a sixteen page section titled "Facts Favorable to Ms. Benz."

This section is followed by an approximately one page legal argument to support all of her claims and a half page devoted to the issue of pretext.

Rights Act prima facie case by showing she was replaced by someone outside her protected age and gender class.

Plaintiff maintains that she was replaced by Tyler Phillips, a younger male. Defendant contends that Mr. Phillips did not replace her, noting that Ms. Benz was manager of the entire warehouse, with Jeremy Laurent, a supervisor, reporting to her. Conversely, Mr. Phillips was hired as a supervisor, not a manager. A few months later, Ms. Benz's prior responsibilities were essentially divided, and on September 15, 2015, relocated to two different facilities (Phillips Depo., Dkt. 25-8 at p. 104 ). Thus, Defendant persuasively argues that Plaintiff has not stated a prima facie case of either age or gender discrimination. The Court agrees.

However, out of an abundance of caution, the Court will continue its analysis as if Plaintiff had met her initial burden. At that point, she would have to show a genuine issue of material fact exists whether Defendant's legitimate non-discriminatory reason for terminating her was pretextual.

As noted, Defendant asserts that Plaintiff was selected for layoff due to poor performance. It has proffered multiple exhibits demonstrating that it provided ample warning and due process regarding Plaintiff's deficiencies over a several month period.

Plaintiff's first argument that Defendant's reason was prextual centers on a performance evaluation issued in February of 2014[4] as well as a merit increase

---

[4] Neither side properly indexed their exhibits when docketing or referenced their

and a performance bonus given to Plaintiff in the spring of 2014.

Defendant responds by noting that the monetary awards were based in one case upon company performance and in a second case essentially mandatory; even employees on an improvement plan are eligible to receive a partial bonus. Regarding the relevant performance evaluation, while it includes several positive comments about Plaintif, it also notes areas for improvement.[5]

Plaintiff counters by arguing that the supervisor who recommended the April 2014 bonus had the power to modify the monetary amount. Plaintiff also asserts that she received various "TOPS" awards,[6] including one in 2014. In addition, Plaintiff notes that she had a positive relationship with many of her subordinates[7]

---

exhibits when citing, making the Court's job much more time consuming. The evaluation can be found at Dkt. 29-3, page 8.

[5]

The document lists accomplishments as well as "areas in which the employee can become more effective."

[6]

Evidently, a TOPS award is a gift certificate with a face value of $25 to $150 dollars. The award is given to employees for specific incidents of positive performance. Defendant maintains the 2014 TOPS award was given to several employees regarding a specific account and therefore not an endorsement of Plaintiff's overall performance.

[7]

Plaintiff also complains that warehouse employees Mr. Wells and Mr. Rainey, who allegedly complained about her to her supervisor Ms. Diaz, contradicted themselves when deposed. Plaintif cherry picks portions of the Wells deposition in an attempt to prove her point but the Court notes that Mr. Wells testified that "pretty much so, everybody was" when asked if the employees were unhappy with

and customers. Plaintiff makes various additional arguments, criticizing Defendant's investigation of employee complaints regarding her behavior, pointing out alleged departures from Defendant's discipline policy[8] and the like.

However, this evidence, taken as true, does not amount to sufficient proof of pretext. Simply put, Plaintiff is essentially criticizing Defendant's termination decision despite the fact that the Court does not have authority over a company's personnel determinations.

Clearly, an employer may "fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001). The Court cannot "sit as a super-personnel department" by examining the wisdom of an organization's business decisions; instead, its inquiry is "limited to whether the employer gave an honest explanation of its behavior." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th

---

Plaintiff's management of the warehouse. (Wells Depo., Dkt. 30-1 p. 25).

[8]

Of note, Plaintiff points to her June 18, 2014 rebuttal of the Final Written Warning which asserted the employee that accused her of using racial slurs at work created a "hostile work environment" by articulating his complaint to others which made her fear for her physical safety. Plaintiff then complains that Defendant didn't immediately investigate her safety concerns. Plaintiff fails to explain the basis for her safety concerns. (Dkt. 25-3, p. 117).

Cir.1991).

At first blush, the fact that Plaintiff was terminated eight months after Defendant issued the Final Written Warning is indeed curious. However, an October 2014 email and other evidence memorialize an ongoing conversation among managerial employees about Plaintiff's performance and potential termination. (Dkt. 25-1, p. 3). Defendant's evidence demonstrates its preliminary termination decision regarding Plaintiff was made at the same time other layoffs were implemented. *Id.*

Further, the Court notes that Defendant's problems with Plaintiff's performance were thoroughly documented over roughly a year's time. Thus, the Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Defendant's legitimate reason for terminating her employment was prextual. Plaintiff's age and gender discrimination counts are dismissed.

**ADA and FMLA discrimination**

Regarding the ADA and FMLA claims, the question is whether Plaintiff was discriminated against based on her FMLA request and/or her daughter's disability. As Defendant argues, these counts appear to be based on the fact that Plaintiff requested FMLA leave on February 4, 2015 and was notified of her termination a mere two days later on February 6, 2015.

Plaintiff obviously exercised a protected right when she requested FMLA leave. Thus, the dispositive FMLA issue is whether Plaintiff has adequately

demonstrated a causal connection between requesting or taking leave and her termination. Similarly, under the ADA, Plaintiff must show her termination occurred in circumstances which raise a reasonable inference that her daughter's disability was a determining factor in her termination.

Plaintiff complains that Crowley began "gathering evidence" against her after she requested her July 2014 FMLA leave. However, the final written warning was issued two months *prior* to Plaintiff taking her first FMLA leave.

Defendant points out there is no evidence whatsoever that anyone in its employ knew about the upcoming February 2015 FMLA leave request and Plaintiff does not point to any other evidence that supports her theory of ADA or FMLA discrimination. Further, as previously discussed, Defendant has demonstrated that the relevant termination decision was made months before Plaintiff requested her February 2015 FMLA leave.

Plaintiff simply fails to connect the FMLA leave to the termination or the discipline which resulted in her eventual termination. The Court finds that there is no genuine issue of material fact regarding her FMLA and ADA claims.

**Conclusion**

Plaintiff's response to Defendant's motion for summary judgment provides little to support her assertion that she has raised genuine issues of material fact supporting her allegations. Instead, Plaintiff spends a multitude of pages attempting to convince the Court that Defendant's decision in terminating her was

not well founded. In the present case, there is no question that the employer's selection of Ms. Benz for layoff was documented and it appears to have been made for legitimate, nondiscriminatory reasons. The Court does not have to agree with those reasons.

Stated differently, the Defendant has articulated legitimate non-discriminatory reasons for its actions; the Court can find that a genuine issue of material fact exists only if there is some evidence of pretext. Because a reasonable jury could not find in Plaintiff's favor, Defendant's summary judgment motion is due to be granted and Plaintiff's summary judgment motion is moot. Accordingly, it is **ORDERED**:

1. Defendant's Motion to Strike (Dkt. 33) is **DENIED**;

2. Plaintiff's Motion for Partial Summary Judgment (Dkt. 24) is **MOOT**;

3. Defendants' Motion for Summary Judgment (Dkt. 25) is **GRANTED**; the clerk is directed to enter judgment in favor of Defendants and against Plaintiff and close this case.

DONE AND ORDERED this 2nd day of November, 2016.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record